IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LAW                                              *
            Petitioner,
v.                                                                    *  CIVIL ACTION NO. ELH-14-1960

CAPTAIN RUDY OR MAJOR RUDY            *
            Respondent.
                                          *****

MEMORANDUM

Darrell Law filed a petition for habeas corpus relief on June 17, 2014. The action raises a direct attack on Darrell Law's continuing detention at the Cecil County Detention Center ("CCDC"). According to the petition, at the end of March 2014, Law was "recommitted" to the Maryland Department of Mental Health & Hygiene, but has remained at the CCDC based upon the order of a "biased" judge. He accuses CCDC personnel of violating his substantive due process rights because they refuse to make a "legal determination" as to his eligibility for release and have instead chosen to defer to the Cecil County courts.[1] ECF 1. Because he appears indigent, Law's motion for leave to proceed in forma pauperis (ECF 2) shall be granted. The petition shall, however, be dismissed without prejudice.

---

[1] According to the attached state court docket, in December of 2013, Law was charged with one count of theft valued from $1,000.00 to $10,000.00 and two counts of theft valued at less than $1,000.00. He was arraigned on December 18, 2013. A criminal jury trial was postponed and pursuant to a March 31, 2014 hearing before a Cecil County Circuit Court Judge, Law was committed to the Department of Health and Mental Hygiene for examination and report as to his criminal responsibility and competency to stand trial. It was further ordered that Law was to remain confined at the CCDC before and after the examination, pending further order of the court. The competency report is to be provided to the court, State's Attorney, Law and to the Office of the Public defender within sixty days, unless good cause is shown for an extension of the time for the examination. (*See* attached docket sheet).

A habeas corpus petition, with its concomitant requirement of the exhaustion of state court remedies, is the exclusive means for a person "in custody" to attack the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-490 & 500 (1973). Law seeks to attack the CCDC's decision to defer to the state court judge's ruling to detain him at that local facility pending his competency evaluation.[2] He does not contend that a state remedy is unavailable for his claim and a review of the cause of action reveals that he has not fully exhausted his remedies as to this issue.[3] Therefore, this action must be dismissed for the failure to exhaust available state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

For the aforementioned reasons, the Court shall dismiss the case, without prejudice, based on the failure to exhaust state court remedies. A separate Order follows.

Date: June 20, 2014             /s/
                                Ellen Lipton Hollander
                                United States District Judge

---

[2] Without deciding the merits of Law's petition, the court is hard pressed to find a due process violation in the decision of correctional officials to follow the letter of a state court judge's order directing that Law be confined at CCDC before and after his competency examination.

[3] The state court docket shows that a competency hearing in Law's case is currently scheduled for August of 2014.